IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

BASSEM FAWWAZ AL-KUDSI                                    CV. 05-1584-PK
                            Petitioner,

                                                          FINDINGS OF FACT,
                                                          CONCLUSIONS OF LAW,
v.                                                        AND ORDER

ALBERTO R. GONZALES, et al.,
                            Respondents.

_____

PAPAK, Magistrate Judge:

        On October 14, 2005, Petitioner Bassem Fawwaz Al-Kudsi filed a Complaint for Failure

to Make a Determination on an Application for Naturalization Pursuant to 8 U.S.C. 1447(b)[1]

against the U.S. Attorney General, the Secretary of the Department of Homeland Security, and

_____

        [1]In his complaint, Al-Kudsi also alleges that his right to be naturalized has been abridged
because he is a male member of the Arab race, in violation of 8 U.S.C. § 1422.  In his Trial
Memorandum, Al-Kudsi states that he is prepared to waive this claim upon final resolution of the
naturalization application.  Thus, it will not be addressed herein.

Page 1 - FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

the Director and District Director of the U.S. Citizenship and Immigration Services.  Al-Kudsi

requests that this court assume jurisdiction over this matter, order respondents to show cause, if

any, why they have failed to make a determination on his application for naturalization, and

either determine Al-Kudsi's application for naturalization and naturalize him, or remand the

matter with appropriate instructions including a time schedule to Citizenship and Immigration

Services ("CIS") to determine this matter.  A bench trial was held on March 15, 2006.

BACKGROUND

Mr. Al-Kudsi was born in Syria on November 22, 1971.  When he was just a few weeks

old, Al-Kudsi moved with his family to the United Arab Emirates ("UAE") where he is now a

citizen.  He moved to the United States to attend college and became a lawful permanent resident

on March 19, 1993.  On August 22, 2001, Al-Kudsi filed an application for naturalization.  His

examination was conducted by CIS on May 8, 2002.  At that time he passed the English

language test and the history and government test.  A second examination of Al-Kudsi was

conducted on January 8, 2003.

Respondents admit that Al-Kudsi has met all requirements for naturalization except for

the pending G-325.[2]  The G-325 has been pending since December 12, 2002.  CIS has twice

requested expedited processing of the G-325.  They received no response to the first request.  As

to the second request, filed in November 2005, CIS was advised that the matter is pending.  Al-

Kudsi made written inquiries to the Portland District Office of CIS on December 5, 2003, July

19, 2005, and August 29, 2005, regarding the status of his application. Each time he was advised

---

[2]The term "G-325" refers to the "Form G-325 Biographic Information" used in
connection with the F.B.I. name check CIS requests with regard to each applicant for
naturalization.

Page 2 - FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

that his application was pending. Al-Kudsi filed his complaint with this court on October 14,

2005.

/ / /

## MOTION TO DISMISS

On February 27, 2006, respondents filed a Motion to Dismiss Pursuant to Rule 12(h)(3)

of the Federal Rules of Civil Procedure or, in the alternative, Remand this Matter Back to CIS

Pursuant to 8 U.S.C. § 1447(b).  Respondents argue that this court lacks subject matter

jurisdiction because the statutorily required examination of Al-Kudsi has not been completed.

8 U.S.C. § 1446(a) instructs the Attorney General to designate CIS employees to conduct

examinations of applicants for naturalization.  The designated employee must determine whether

the application should be granted or denied, with reasons therefore. 8 U.S.C. § 1446(d).  8

U.S.C. § 1447(b), provides that:

> If there is a failure to make a determination under section 1446 of this
> title before the end of the 120-day period after the date on which the
> examination is conducted under such section, the applicant may apply
> to the United States district court for the district in which the applicant
> resides for a hearing on the matter. Such court has jurisdiction over the
> matter and may either determine the matter or remand the matter, with
> appropriate instructions, to the Service to determine the matter.

Citing <u>Danilov v. Aguirre</u>, 370 F. Supp.2d 441 (E.D. Va. 2005), respondents argue that

the term "examination" used in § 1447(b) means a process that CIS uses to gather information

about an applicant.  And since the process in this case is not complete, that is the G-325 is still

pending, the examination has not been completed and the 120-day period to make a

determination has not begun.  Having reviewed the decision in <u>Danilov</u>, this court notes that it is

not the law of this circuit and finds, in any event, its reasoning is unpersuasive.

Since Danilov was decided, at least two district courts have expressly rejected its reasoning.[3]  See Shalan v Chertoff, No. 1:05-CV-10980, 2006 WL 42143 *1 (D.C. Mass.  Jan. 6, 2006); El Daour v. Chertoff, No. Civ. A. 4-1911, 2005 WL 2106572 *3 (D.C.W.D. Pa. Aug. 26, 2005).  In El Daour, plaintiff Safwat El-Daour was a Palestinian national who became a lawful permanent resident of the United States and then applied for naturalization.  Id. at *1.  At the time of the court's decision, El Daour's application had been pending for nearly four years and more than 120 days had elapsed since he was interviewed by a CIS examiner.  Id. *2.  CIS, however, had yet to receive the F.B.I. background check.  Id. Citing Danilov, CIS argued that it had not completed the "examination" of El Daour's application within the meaning of § 1447(b) and requested dismissal for lack of subject matter jurisdiction.  Id.  The court declined to follow Danilov, finding that the decision "misreads or ignores the applicable statute and regulations." Id. at *3.

This court is not persuaded by respondents' characterization of the term "examination" because it fails to account in any way for the clear distinction between that term and the term "investigation" in  both the relevant statutes and regulations.  See  Shalan at *1.  I conclude that

---

[3]At least four other courts, without expressly discussing Danilov, have found that the term "examination" refers to the interview of the applicant for naturalization by the CIS examiner. See Essa v. U. S. Citizenship & Immigration Serv., Case No. CIV051449, 2005 WL 3440827 *1 (D. Minn. Dec. 14, 2005) (finding applicants were examined for purposes of § 1447(b) on date each was interviewed by CIS, even though F.B.I. background check had not been received); Ogunfuye v. Acosta, Case No. Civ. H-05-0551, 2005 WL 1607034 *2 (S.D. Tex. July 1, 2005); Angel v. Ridge, Case No. 2004-CV-4121-JPG, 2005 WL 1263143 *4 (S.D. Ill. May 25, 2005) (finding applicants were examined for purposes of § 1447(b) on date of initial interview with CIS); Sweilem v. U.S. Citizenship & Immigration Serv., Case No., 1:05 CV 125, 2005 WL 1123582 *4-5 (N.D. Ohio May 10, 2005) (same).

more than 120 days have expired since the date of Al-Kudsi's examination without a ruling on

his application by CIS.  This court, thus, has jurisdiction to entertain Mr. Al-Kudsi's complaint

under § 1447(b) and respondents' Motion to Dismiss is denied.

## FINDINGS OF FACT

Based on the pleadings on file herein and the testimony taken at the March 15, 2006,

bench trial, this court finds that Al-Kudsi has established the following facts relevant to an

application for naturalization by a preponderance of the evidence:[4]

1.  Age:  Al-Kudsi is 34-years-old.

2.  Military Status:  Al-Kudsi has never been a soldier in the United States

Armed Forces, and he has never left the United States to avoid the military draft.

3.  Education:  Al-Kudsi understands the English language and the history and

government of the United States.[5]

4.  Residency:  Al-Kudsi was admitted as a permanent resident of the United

States on March 19, 1993, and resided continuously within the United States for a

period of five years after having been so admitted.  He was physically present in

the United States for at least 30 months preceding August 22, 2001, the date he

---

[4]Petitioner has the obligation to establish all facts relevant to his application for naturalization by a preponderance of the evidence.  8 C.F.R. § 316.2(b); see also U.S. v. Hovsepian, 359 F.3d 1122, 1168 (9th Cir. 2004).

[5]At the conclusion of the bench trial, counsel for respondents agreed that Al-Kudsi had satisfied all requirements for naturalization, but noted that this court could find that Al-Kudsi did not have the requisite knowledge of the history and government of the United States based on his inability to correctly answer two questions on that subject propounded in cross examination. The court declines to make that finding in light of the fact that Al-Kudsi was tested on his knowledge of these subjects during his May 8, 2002 interview with CIS and passed those tests. Further, respondents admit in their Answer to the Complaint that Al-Kudsi passed these tests.

filed his application for naturalization.  At the time he filed his application, Al-

Kudsi had resided in Park City, Utah for a period of more than three months.[6] Al-

Kudsi has resided continuously in the United States from the date of his

application for naturalization up to the time of trial.[7]

5. Good Moral Character: At all relevant times, Al-Kudsi has been a person of

good moral character.

6. Exhaustion: Al-Kudsi made written inquiries to the Portland District Office of

CIS on December 5, 2003, July 19, 2005, and August 29, 2005, regarding the

status of his application.  Each time he was advised that security checks were

pending.

CONCLUSIONS OF LAW

1.  This court has jurisdiction over this matter pursuant to 8 U.S.C. § 1447(b) because

respondents have failed to make a determination under 8 U.S.C. § 1446 before the end of the

120-day period after the date on which the examination of Al-Kudsi was conducted.

2.  Al-Kudsi has proven by a preponderance of the evidence that he satisfies all

requirements for naturalization.

3.  To the extent necessary, Al-Kudsi has exhausted his administrative remedies.

4.  While the court is mindful that delays in the processing of naturalization applications

---

[6]Al-Kudsi filed his application with the Nebraska Service Center, the service district with jurisdiction over his Utah residence.

[7]Al-Kudsi had one absence from the United States for a period of six months and two weeks.  At trial, he satisfactorily explained his reasons for staying abroad for that period and testified that he never intended to abandon his United States residence.

are "becoming more frequent in light of heightened security concerns in the post-911 world," <u>see</u>

<u>Alkenani v. Barrows</u>, 356 F. Supp. 2d 652, 657 (N.D. Tex. 2005), this court finds that a delay of

nearly four years where, as here, there is no explanation or justification for the delay by CIS or

the F.B.I. is unreasonable. <u>Id.</u> at 657 (suggesting that a delay of two years in processing an

application for naturalization may be unreasonable).

ORDER

Respondents' Motion to Dismiss (No. 12) is DENIED.

While this court recognizes that it has authority to determine this matter pursuant to 8

U.S.C. § 1447(b) and naturalize Mr. Al-Kudsi, it is my determination that this matter should be

remanded to CIS, with instructions, for determination of Al-Kudsi's pending application.

It is therefore the ORDER of the court that Respondent Alberto R. Gonzales instruct the

F.B.I.[8] to complete a G-325 name check on the application of Bassem  Fawwaz Al-Kudsi within

ninety days of the date of this Opinion, and deliver it to the District Director of the U.S.

Citizenship and Immigration Services in Portland, Oregon.

It is further ORDERED that if a completed G-325 name check on the application of

Bassem Fawwaz Al-Kudsi is not received by the District Director of the U.S. Citizenship and

Immigration Services in Portland, Oregon, within said ninety day period, the Respondent District

Director shall treat that failure as if he had received a completed G-325 name check from the

F.B.I. containing no information that would lead to a denial of the application and within a thirty

day period thereafter shall grant the application of Bassem Fawwaz Al-Kudsi and forward a

certificate of naturalization to this court.

---

[8]The Federal Bureau of Investigation is in the Department of Justice. 28 U.S.C. § 531.

Page 7 - FINDINGS OF FACT, CONCLUSIONS OF LAW, AND ORDER

Upon receipt of the certificate of naturalization, this court will administer the required

oath of allegiance during a regularly scheduled oath ceremony or, finding that the delay in this

case constitutes special circumstances pursuant to 8 U.S.C. § 1448(c), will administer the oath on

an expedited basis upon request of Mr. Al-Kudsi.


Dated this 22nd day of March, 2006.


                                          /s/ Paul Papak
                                    Honorable Paul Papak
                                    United States Magistrate Judge